IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EARL D. PHIFFER,

            Petitioner,                        ORDER

    v.                                            08-cv-0384-slc

GREGORY GRAMS, Warden,
Columbia Correctional Institution,

            Respondent.

---

Before the court is Earl D. Phiffer's request for leave to proceed in forma pauperis on appeal and request for a certificate of appealability from this court's judgment entered March 23, 2009, denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 2003 conviction for second-degree sexual assault of a child. He seeks to pursue on appeal all of the issues he raised in his habeas petition, which were as follows: 1) the state coerced the victim into testifying falsely against petitioner at trial; 2) trial counsel was ineffective for failing to challenge certain jurors for cause; and 3) appellate counsel was ineffective for failing to raise on appeal the issue of trial counsel's ineffectiveness.

A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that

the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

Petitioner cannot make this showing. As the magistrate judge explained in his report and recommendation, the record fails to show either that the prosecutor made any unlawful threats to the sexual assault victim to secure her testimony or that the victim testified falsely. The record also fails to show that there would have been any merit to a motion by defense counsel to strike two potential jurors for cause, insofar as neither person's answers during *voir dire* suggested that she could not decide the case fairly and impartially. Last, because neither of these predicate claims had any merit, appellate counsel was not ineffective for failing to raise them on appeal. Given the clear lack of factual support for petitioner's claims, no reasonable jurist would debate that any of the claims should have been resolved in a different manner.

The next question is whether petitioner should be allowed to proceed in forma pauperis on appeal, which requires a finding that the appeal is taken in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). Although this is a less demanding standard than that required for a certificate of appealability, I find that petitioner is unable to meet it. Viewed objectively, the record simply does not support the claims that petitioner is making.

Accordingly, his request for leave to proceed in forma pauperis on appeal will be denied. (Because I find that his appeal is not brought in good faith, I need not decide whether petitioner has shown that he is financially unable to pay the appellate filing fee.)

ORDER

IT IS ORDERED that:

1. Earl D. Phiffer's request for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

2. Petitioner's request for leave to proceed in forma pauperis is DENIED because I certify that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Entered this 28th day of April, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge